UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JORGE LUGO,

                                 Plaintiff,                JURY TRIAL
                                                                          DEMANDED
        -against-

THE CITY OF NEW YORK; SERGEANT ERIC BECKEL of      **FIRST AMENDED**
the 42nd Precinct; DETECTIVE HORACE GILKES of the 42nd    **COMPLAINT**
Precinct; DETECTIVE KOREY NOAK of the 42nd Precinct; and
DETECTIVE JOHN RAMOS of the 42nd Precinct,

                                 Defendants.
------------------------------------------------------------------X      ECF CASE

       Plaintiff, by his attorney THE LAW OFFICE OF CHRISTOPHER H. FITZGERALD, complaining of the defendants, respectfully alleges the following:

### I. PRELIMINARY STATEMENT

1. Plaintiff JORGE LUGO, ("Plaintiff"), brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to the statutory and common law of the State of New York for assault and battery, negligence, intentional infliction of emotional distress, and negligent hiring and supervision.

2. Plaintiff also brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### II. JURISDICTION

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

4. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

### III.     VENUE

5.       Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1391(a), (b), and (c) and § 1402(b) because Defendant CITY of NEW YORK maintains its primary and relevant places of business in this district.

### IV.     JURY DEMAND

6.       Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### V.     THE PARTIES

7.       That at all times hereinafter mentioned, the plaintiff was a resident of the County of the Bronx, City and State of New York.

8.       That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

9.       That at all times hereinafter mentioned, the defendant, NEW YORK CITY POLICE DEPARTMENT, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

10.      That at all times hereinafter mentioned, defendants SERGEANT ERIC BECKEL, DETECTIVE HORACE GILKES, DETECTIVE KOREY NOAK, and DETECTIVE JOHN RAMOS were and still are employed by the NEW YORK CITY POLICE DEPARTMENT.

11.      That prior to the institution of this action, a Notice of Claim was duly served upon and filed with the City of New York on behalf of the plaintiff on or about October 11, 2013.

12.      That on or about December 20, 2013, a hearing was conducted by the CITY OF NEW YORK pursuant to General Municipal Law §50(h).

13.      That at all times hereinafter mentioned, the defendant officers were acting within the scope and course of their employment with the New York City Police Department, and under color of state law.

14.      That at all times hereinafter mentioned, all of the actions of defendants SERGEANT ERIC BECKEL ("BECKEL"), DETECTIVE HORACE GILKES ("GILKES"), DETECTIVE KOREY NOAK ("NOAK"), and DETECTIVE JOHN RAMOS ("RAMOS") alleged herein were done within the scope and course of his employment with the New York City Police Department.

15. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

## VI. STATEMENT OF FACTS

16. On or about September 4, 2013, plaintiff JORGE LUGO ("plaintiff") was lawfully walking on the public sidewalk at or near the intersection of Tinton Avenue and East 160th Street, in Bronx County, City and State of New York.

17. At approximately 9:00 am of that day, plaintiff was walking on the sidewalk with his cousin, and was engaged in a call on his cellular telephone.

18. In the vicinity of the intersection of Tinton Avenue and East 160th Street, four plain clothed members of the New York City Police Department (NYPD) were in the process of interviewing and/or apprehending and/or arresting an individual. These NYPD personnel were defendants BECKEL, GILKES, NOAK, and RAMOS.

19. While observing the interaction between the NYPD personnel and the arrestee, plaintiff continued to talk on his cell phone, stopping at one point to look at his phone for an incoming call.

20. As plaintiff continued to walk down the street, several of the defendants approached, grabbed the cell phone out of his hand, and detained him.

21. This detention was effectuated by violently placing handcuffs on plaintiff so tightly as to inflict substantial pain and tissue damage, and was punctuated by physical blows to plaintiff's body meant punitively and to inflict pain.

22. The handcuffing was done in a malicious, dangerous, and intentional manner, and with such force as to break the skin, and to cause bleeding and substantial pain.

23. The physical blows to plaintiff's body, done under the guise of a search, left numerous and painful bruises.

24. As they were handcuffing plaintiff, one of the NYPD personnel averred that photographing or taking video footage of NYPD officers was against the law, insinuating that plaintiff was doing so. To wit: "You can't be recording a police officer. It's illegal. You know I can arrest you for that."

25. Plaintiff was not recording footage of the defendants, nor did he ever intend to do so.

26. Irrespective of plaintiff's intent regarding filming of defendants, recording video footage or taking photographs of NYPD personnel on a public sidewalk is not illegal, and is not an offense under any penal or administrative law of the State of New York.

27. Defendant BECKEL then began looking through plaintiff's cell phone, to check for video footage.

28. After searching the phone and realizing there was no video footage of any of the defendants in the phone, defendant BECKEL looked up at defendants GILKES, NOAK, and RAMOS and stated, in sum and substance, " I think we just f**ked up."

29. In attempting to assign blame to the other NYPD officers, BECKEL stated to defendants GILKES, NOAK, and RAMOS, in sum and substance, "You guys cuffed him," turned and went and sat in an unmarked black sedan parked nearby.

30. Defendants BECKEL, GILKES, NOAK, and RAMOS recommenced their overly physical "search" of plaintiffs person, punctuated by blows to the body causing significant pain, which plaintiff objected to verbally. They emptied plaintiff's pockets and put the contents in an envelope, and placed it on a nearby bench.

31. Finding no illegal substances or items on plaintiff's person, GILKES, NOAK, and RAMOS uncuffed him and headed for their vehicles.

32. Plaintiff did not commit a crime before, during, or after this interaction with defendants on September 4, 2013.

33. Defendants did not have probable cause or any reasonable suspicion that plaintiff had committed, or was about to commit, a crime, sufficient to arrest, detain, interrogate or use any kind of physical force against him, at any point on September 4, 2013.

34. Plaintiff then requested defendants' badge numbers. This request was ignored by all defendants, who proceeded to enter their respective vehicles, and left the scene.

35. Following this incident, plaintiff filed a complaint with the Civilian Complaint Review Board, and gave a statement to CCRB Investigator Simon Wang.

36. Following this incident, plaintiff was treated for the injuries he sustained at Jacobi Hospital in the Bronx.

37. As a result of this incident and the actions of the defendants, plaintiff has suffered significant nerve, tendon, and tissue damage to his wrists, hands and lower arms. Symptoms of this include, *inter alia*, diminished range of motion in both his elbows and wrists, muscle weakness, tingling, numbness and pain.

38. The nerve damage to plaintiff's wrists and hands has resulted in significant loss of fine motor skills necessary to perform the most mundane tasks of daily personal hygiene, in addition to work related tasks.

39. As a result of this incident and the actions of defendants, plaintiff has suffered an exacerbation of a previous injury to his cervical and lumbar spine.

40. In addition to the physical pain that plaintiff has suffered as a result of this incident, he has suffered diminished opportunities in employment and in earning capacity, as he is unable to perform the customary tasks at work that he was able to perform prior to this incident.

41. Due to the violent acts of defendants BECKEL, GILKES, NOAK, and RAMOS, plaintiff suffered, *inter alia*, injuries to his wrists, arms, neck, lower back, and shoulders. He also suffered psychological and emotional trauma.

42. Plaintiff continues to suffer from the painful and debilitating injuries caused on September 4, 2014.

## FIRST CLAIM FOR RELIEF: ASSAULT UNDER STATE LAW

43. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

44. On September 4, 2013, defendants BECKEL, GILKES, NOAK, and RAMOS, acted with the intent to cause plaintiff to fear for his own physical safety and to fear that violent contact was imminent by behaving toward plaintiff in an aggressive manner.

45. Defendants BECKEL, GILKES, NOAK, and RAMOS, acted with the intent to harass, annoy, and/or alarm the plaintiff.

46. Defendants BECKEL, GILKES, NOAK, AND RAMOS, acted voluntarily and with the intent and the desire to cause plaintiff to fear for his own physical safety and to fear that violent contact was imminent.

47. Defendants BECKEL, GILKES, NOAK, AND RAMOS, acted voluntarily and with the knowledge—with substantial certainty—that their actions would

5

cause the plaintiff to fear for his own physical safety and to fear that violent contact was imminent.

48. Defendants BECKEL, GILKES, NOAK, and RAMOS threatened to strike, shove, kick or otherwise subject plaintiff to physical contact with the intent to harass, annoy or alarm plaintiff.

49. Defendants BECKEL, GILKES, NOAK, and RAMOS had the real and apparent ability to carry out his implied and explicit threats of violent contact.

50. As a result of Defendants BECKEL, GILKES, NOAK, and RAMOS' actions, plaintiff became apprehensive and feared for his own physical safety and feared that violent contact was imminent.

51. Defendants CITY OF NEW YORK are vicariously liable for the actions of Defendants BECKEL, GILKES, NOAK, and RAMOS as these individual deendants were acting in furtherance of NYPD business and within the scope of NYPD authority.

52. At all times mentioned herein, the CITY OF NEW YORK is responsible for the plaintiff's injury and damages as BECKEL, GILKES, NOAK, and RAMOS were acting in furtherance of NYPD business and within the scope of NYPD authority.

## SECOND CLAIM FOR RELIEF: BATTERY UNDER STATE LAW

53. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

54. On September 4, 2013, Defendants BECKEL, GILKES, NOAK, and RAMOS intentionally made physical contact with plaintiff.

55. This physical contact was violent, offensive, and without plaintiff's consent.

56. This contact was without provocation.

57. This violent physical contact caused severe physical and psychological injuries to plaintiff.

58. Defendants BECKEL, GILKES, NOAK, and RAMOS acted voluntarily and intentionally, and with the purpose of physically harming the plaintiff.

59. Defendants BECKEL, GILKES, NOAK, and RAMOS struck, shoved, kicked or otherwise subjected plaintiff to physical contact.

60. Defendants BECKEL, GILKES, NOAK, and RAMOS acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

61. Defendant the CITY OF NEW YORK is vicariously liable for the actions of Defendants BECKEL, GILKES, NOAK, and RAMOS as these individual defendants were acting in furtherance of NYPD business and within the scope of NYPD authority.

62. At all times mentioned herein, the CITY OF NEW YORK is responsible for the plaintiff's injury and damages as BECKEL, GILKES, NOAK, AND RAMOS, were acting in furtherance of NYPD business and within the scope of NYPD authority.

## THIRD CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## UNDER STATE LAW

63. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

64. Defendants BECKEL, GILKES, NOAK, and RAMOS' conduct of September 4, 2013 was shocking and outrageous, exceeding all reasonable bounds of decency.

65. Defendants BECKEL, GILKES, NOAK, and RAMOS' conduct was intentional, and with the purpose to cause plaintiff severe emotional distress.

66. Defendants BECKEL, GILKES, NOAK, and RAMOS acted voluntarily, and with the desire to cause plaintiff severe emotional distress.

67. Defendants BECKEL, GILKES, NOAK, and RAMOS' conduct was reckless, and with an utter disregard for the consequences that followed.

68. Defendants BECKEL, GILKES, NOAK, and RAMOS struck, shoved, kicked or otherwise subjected plaintiff to physical contact.

69. Defendants BECKEL, GILKES, NOAK, and RAMOS acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

70. Defendants BECKEL, GILKES, NOAK, and RAMOS' conduct has caused plaintiff severe emotional distress.

71. Defendants CITY OF NEW YORK are vicariously liable for the actions of Defendants BECKEL, GILKES, NOAK, and RAMOS as these individual defendants were acting in furtherance of NYPD business and within the scope of NYPD authority.

72. At all times mentioned herein, the CITY OF NEW YORK is responsible for the plaintiff's injury and damages as BECKEL, GILKES, NOAK, and RAMOS, was acting in furtherance of NYPD business and within the scope of NYPD authority.

### FOURTH CLAIM FOR RELIEF: VICARIOUS LIABILITY UNDER STATE LAW

73. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

74. At all times on or about September 4, 2013, Defendants BECKEL, GILKES, NOAK, and RAMOSwere acting within furtherance of NYPD business, and within the scope of their authority as Police detectives.

75. Upon information and belief, the incident complained of herein—the 42nd Precinct of the New York City Police Department—was and still is Defendants BECKEL, GILKES, NOAK, and RAMOS' place of employment.

76. Upon information and belief, defendants BECKEL, GILKES, NOAK, and RAMOS had a histories of violent and disturbing behavior, which, by their inaction, has been ratified and approved by NYPD and the CITY OF NEW YORK.

### FIFTH CLAIM FOR RELIEF: NEGLIGENT HIRING, RETENTION AND/OR SUPERVISION UNDER STATE LAW

77. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

78. THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT ("NYPD") has a duty to use reasonable care in the employment, training and supervision of its employees.

79. This includes a duty to investigate and find out whether employees are competent to do work without danger of harm to others.

80. The NYPD knew or should have known that Defendants BECKEL, GILKES, NOAK, and RAMOS were incompetent, had vicious propensity, and/or have a bad disposition.

81. The NYPD could have easily anticipated the assault and battery of September 4, 2013.

82. The NYPD failed to adequately investigate and correct Defendants BECKEL, GILKES, NOAK, and RAMOS' disposition and propensity.

83. Because of this history, the attack of September 4, 2013 was a foreseeable consequence of NYPD' failure to adequately train, reprimand, or re-assign Defendants BECKEL, GILKES, NOAK, and RAMOS.

84. Because of NYPD' failure to take appropriate action, plaintiff has suffered the injuries claimed herein.

**SIXTH CLAIM FOR RELIEF**:
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983**

85. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

86. At the time of plaintiff's arrest, there was no credible evidence that plaintiff had committed a crime.

87. All of the aforementioned acts of the Defendant CITY OF NEW YORK, and the individual defendants and their agents, servants, and employees, were carried out under the color of state law.

88. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

89. The acts complained of were carried out by the aforementioned individual defendants, in particular SERGEANT BECKEL, and DETECTIVES GILKES, NOAK, and RAMOS,, in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

90. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to their customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under supervision of said department.

91. The individual defendants, and defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally violative conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

92. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

### SEVENTH CLAIM FOR RELIEF:
### FALSE ARREST UNDER 42 U.S.C. §1983

93. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

94. Plaintiff was arrested in the absence of probable cause, at the direction of, or under practices, policies or customs promulgated by the NEW YORK CITY POLICE DEPARTMENT and CITY OF NEW YORK.

95. As a result of the aforesaid conduct by defendants BECKEL, GILKES, NOAK, and RAMOS, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

96. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

97. As a result of defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

### EIGHTH CLAIM FOR RELIEF:
### FALSE ARREST AND FALSE IMPRISONMENT UNDER STATE LAW

98. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

99. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility, supervision, and authority of the NEW YORK CITY POLICE DEPARTMENT and its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior.*

100. At the aforementioned times and locations, plaintiff was detained and held under the imprisonment and control of the defendants BECKEL, GILKES, NOAK, and RAMOS under false pretenses.

101. At the aforementioned times and locations, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARMENT, falsely arrested and imprisoned the plaintiff without warrant, authority of law or probable cause therefore.

102. That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff; unlawfully arresting plaintiff and placing his in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

103. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

104. That plaintiff was conscious of the confinement.

105. That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

106. By the actions described above, the individual and municipal defendants caused plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the State of New York.

11

107. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## NINTH CLAIM FOR RELIEF:
## NEGLIGENCE

108. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

109. Defendants negligently caused emotional distress, psychological harm, physical injuries, and damage to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws an Constitution of the state of New York.

110. As a result of the foregoing, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## TENTH CLAIM FOR RELIEF:
## NEGLIGENT HIRING, SCREENING, RETENTION,
## SUPERVISION and TRAINING of PO FRANCIS

111. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

112. Defendant CITY OF NEW YORK negligently hired, screened, retained, supervised, and trained the individual defendants. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

113. As a result of the foregoing, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

### ELEVENTH CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY UNDER MONELL ARISING FROM
### UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. §1983

114. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

115. Defendants BECKEL, GILKES, NOAK, and RAMOS arrested and detained plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

116. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

117. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NEW YORK POLICE DEPARTMENT, all under the supervision of officers of said department.

118. As a result of the aforementioned conduct of the defendant CITY OF NEW YORK, and the individual defendants, plaintiff's constitutional rights were violated.

119. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

120. As a result of the defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages;
b. Punitive damages;
c. The convening and empaneling of a jury to consider the merits of the claims herein;
d. Costs and interest and attorney's fees;
e. Such other and further relief as this court may deem appropriate and equitable.

DATED:

New York, New York
December 2, 2014

                              Respectfully submitted,

                              **The Law Office of**
                              **Christopher H. Fitzgerald**
                              *Counsel for Plaintiff*

                              ____/s/_____
                              By: Christopher H. Fitzgerald, Esq.
                              (CF-1415)
                              233 Broadway, Suite 2348
                              New York, NY 10279
                              (646)580-3489