UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORGE LUGO,<br><br>         Plaintiff,<br><br>    -against-<br><br>THE CITY OF NEW YORK; SERGEANT ERIC BECKEL of the 42nd Precinct; DETECTIVE HORACE GILKES of the 42nd Precinct; DETECTIVE KOREY NOAK of the 42nd Precinct; and DETECTIVE JOHN RAMOS of the 42nd Precinct,<br><br>         Defendants. | 14-cv-07185 (WHP) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTIONS *IN LIMINE***

THE LAW OFFICE OF
CHRISTOPHER H. FITZGERALD
233 Broadway, Suite 2348
New York, NY 10016

RICKNER PLLC
233 Broadway, Suite 2220
New York, NY 10016

On the Brief:

 Rob Rickner, Esq.
 Christopher H. Fitzgerald, Esq.

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. I

TABLE OF AUTHORITIES ..................................................................................................... II

INTRODUCTION..........................................................................................................................1

ARGUMENT..................................................................................................................................2

    I.    DEFENDANTS ARE LIMITED TO WHAT THE OFFICERS KNEW AT THE TIME, AND THEIR EXPERT REPORTS. ...................................................................2

        a.    The only relevant evidence as to liability is what the Individual Officers knew at the time of the arrest. ...............................................................................................2

        b.    Defendants are limited to the four corners of their expert reports, and the expert cannot opine on issues or opinions that were not timely disclosed. ..............................3

    II.    PLAINTIFF'S CRIMINAL HISTORY SHOULD BE EXCLUDED. .................................3

        a.    Arrests, without a conviction, say nothing about Plaintiff's truthfulness and should not be used for impeachment. ...............................................................................3

        b.    Plaintiff should not be impeached using his lone felony conviction because he was released more than 10 years ago and the conviction has little probative value. ...............4

        c.    Plaintiff should not be impeached with misdemeanors. ...................................................5

        d.    Defendants should not be allowed to invoke Plaintiff's prior convictions and arrests by speculating that the handcuffing injuries were caused by some other time Plaintiff was handcuffed. ...............................................................................5

    III.    PLAINTIFF'S PRIOR DRUG USE AND MENTAL HEALTH TREATMENT SHOULD BE EXCLUDED. .................................................................................................6

        a.    Drug Use ...............................................................................................................6

        b.    Mental Health Treatment. ...............................................................................................7

    IV.    ADMITTING PLAINTIFF'S ENTIRE MEDICAL HISTORY INTO EVIDENCE WILL CONFUSE THE JURY AND UNFAIRLY PREJUDICE PLAINTIFF. ...............................8

    V.    DEFENDANTS SHOULD NOT BE ALLOWED TO FALSELY IMPLY THAT THE INDIVIDUAL OFFICERS WILL PAY A JUDGMENT THEMSELVES. ...........................9

CONCLUSION ............................................................................................................................11

# TABLE OF AUTHORITIES

**CASES**

*Cerrone v. Brown*, 246 F.3d 194 (2d Cir. 2001) ................................................................3

*Daniels v. Loizzo*, 986 F. Supp. 245 (S.D.N.Y. 1997) ........................................................4

*Gallagher v. Crete Carrier Corp.*, No. 07-CV-332, 2009 WL 2925441
    (D. Conn. Sept. 10, 2009) ..............................................................................................8

*Gordy Co. v. Mary Jane Girls, Inc.*, No. 86-CV-6814 (RWS), 1989 WL 28477
    (S.D.N.Y. Mar. 24, 1989) ..............................................................................................7

*Gyasi v. City of New York*, No. 05-CV-9453 (SAS) (S.D.N.Y. June 29, 2006) .............. 10

*In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF),
    2016 WL 4410008 (S.D.N.Y. Aug. 18, 2016) ...............................................................7

*Kemezy v. Peters*, 79 F.3d 33 (7th Cir. 1996) .................................................................. 11

*Los Angeles, Calif. v. Mendez*, 137 S. Ct. 1539 (2017) .....................................................2

*Manessis v. New York City Dep't of Transp.*, No. 02-CV-359 (SAS) (DF),
    2002 WL 31115032 (S.D.N.Y. Sept. 24, 2002) .............................................................8

*Mathie v. Fries*, 121 F.3d 808 (2d Cir. 1997) .................................................................. 11

*Michelson v. United States*, 335 U.S. 469 (1948) .............................................................4

*Nibbs v. Goulart*, 822 F. Supp. 2d 339 (S.D.N.Y. 2011) ..................................................7

*Silivanch v. Celebrity Cruises, Inc.*, 171 F. Supp. 2d 241 (S.D.N.Y. 2001) .....................3

*United States v. Dinitz*, 424 U.S. 600 (1976) ....................................................................5

*United States v. Mahler*, 579 F.2d 730 (2d Cir. 1978) ......................................................4

*United States v. Nichols*, 808 F.2d 660 (8th Cir. 1987) ....................................................5

*United States v. Ong*, 541 F.2d 331 (2d Cir. 1976) ..........................................................7

*United States v. Rolle*, 631 F. App'x 17 (2d Cir. 2015) ...................................................8

*White v. McDermott*, No. 3:08-CV-634, 2010 WL 4876025 (D. Conn. Nov. 19, 2010) .................8

*Whittenburg v. Werner Enterprises Inc.*, 561 F.3d 1122 (10th Cir. 2009) ........................5

**STATUTES**

42 U.S.C. 1983 ...................................................................................................................2

Fed. R. Evid. 403 ....................................................................................................8, 9, 10

Fed. R. Evid. 608 ............................................................................................................3, 7

Fed. R. Evid. 609 ............................................................................................................4, 5

Fed. R. Evid. 609 advisory committee's note. ...................................................................4

N.Y. Mental Hyg. Law § 9.41 ............................................................................................7

New York Rule of Professional Conduct 3.4.....................................................................5

Plaintiff Jorge Lugo submits this memorandum of law in support of the motions *in limine* set forth in his notice of motion, asking this court to exclude certain questioning, testimony, and evidence from the presentation at trial by defendants Sergeant Eric Beckel, Detective Horace Gilkes, Detective Korey Noak and Detective John Ramos (collectively the "Individual Officers") and the City of New York (with the Individual Defendants, collectively the "Defendants').

**INTRODUCTION**

Plaintiff Jorge Lugo was on his way to breakfast when he stopped to look at his phone, near where the Individual Officers where putting someone into a police van for transport. What happened next is disputed, but what is not in dispute is that Plaintiff was handcuffed and arrested for approximately 20 minutes, and then he was released and the arrest was voided. Plaintiff claims there was no probable cause for this arrest, which was likely retaliation because the officers thought they were being recorded with a cell phone. And Plaintiff claims the handcuffs were overtight, causing visible injuries to his wrists. (Exhibit A to these motions is a photo taken shortly after the arrest.) Later, Plaintiff was diagnosed with carpel tunnel, which was treated with surgery on both wrists. Plaintiff's expert found that the carpel tunnel is causally linked to the handcuffing.

At the outset, two legal principals confine Defendants' presentation, and are relevant to the arguments here. First, Individual Officers' decision to arrest and then use force on Plaintiff must be judged solely ***on what those officers knew at the time***. And second, Defendants' expert's testimony should be limited to the opinions and topics in his report.

Following from these principals, Plaintiff makes three motions. (1) Plaintiff's criminal history is irrelevant, given that the Individual Officers knew nothing about his record at the time of arrest. And it should be excluded for impeachment because his felony conviction is more than a decade old, and his more recent convictions are for minor crimes. (2) Plaintiff's prior drug use

1

and his mental health history are also irrelevant, as Plaintiff was sober and calm at the time of his arrest. And these subjects are too prejudicial to allow them to be used for impeachment, even if it somehow demonstrated a lack of truthfulness. (3) Allowing Defendants to put Plaintiff's entire medical history into the record would confuse the jury and prejudice Plaintiff, given that some of his irrelevant medical conditions are embarrassing and his medical records have references to arrests and drug use that should otherwise be excluded.

Finally, Plaintiff seeks to exclude any evidence of the Individual Officers' financial means. The City of New York has unfailingly paid any damages, including punitive damages, and is liable here under respondeat superior, so none of the individual officers will ever have to pay any damages themselves. Allowing any testimony from them, pleading poverty, would be misleading.

## ARGUMENT

**I.   DEFENDANTS ARE LIMITED TO WHAT THE OFFICERS KNEW AT THE TIME, AND THEIR EXPERT REPORTS.**

Two overarching legal issues confine Defendants' presentation at trial and apply to all the motions *in limine* described below.

**a.   The only relevant evidence as to liability is what the Individual Officers knew at the time of the arrest.**

Plaintiff alleges claims of excessive force and false arrest, both the under state common law and 42 U.S.C. 1983 for violations of his Fourth Amendment right to be free from unreasonable search and seizure. Consequently, the Individual Officers' conduct must be judged based on exactly what the Officers themselves knew at the time they arrested Plaintiff and used force against him. *See, e.g.*, *Los Angeles, Calif. v. Mendez*, 137 S. Ct. 1539, 1546 (2017) ("a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight"); *Cerrone v. Brown*, 246 F.3d 194, 203 (2d Cir.

2001) (finding that probable cause is evaluated objectively based on "the same knowledge as the officer in question").

Any facts or evidence that the Individual Officers did not know when they handcuffed Plaintiff are irrelevant, and at best could be used only for impeachment.

### b. Defendants are limited to the four corners of their expert reports, and the expert cannot opine on issues or opinions that were not timely disclosed.

Defendants retained Dr. Ramon Valderama. He examined Plaintiff twice, once in 2015, before surgery, where Dr. Valderama confirmed that Plaintiff had carpel tunnel. Ex. B. And once in 2017, after surgery, where Dr. Valderama found that the carpel tunnel was partially resolved by the surgery. Ex. C. Dr. Valderama never opines as to causation, and he never opines on Plaintiff's other medical issues. Therefore, as this Court already ruled at the Final Pre-Trial Conference on May 22, 2018, Defendants' expert is limited to the opinions in his reports. *See Silivanch v. Celebrity Cruises, Inc.*, 171 F. Supp. 2d 241, 256 (S.D.N.Y. 2001) (finding it appropriate to exclude any opinion testimony at trial that was not included in the expert's report).

## II. PLAINTIFF'S CRIMINAL HISTORY SHOULD BE EXCLUDED.

Given that Plaintiff was arrested on the street by police officers who knew nothing about him, Plaintiff's criminal history and prior arrests are irrelevant. Thus, the only remaining question is whether any of Plaintiff's prior arrests or convictions can be fairly used for impeachment. In this case, they cannot.

### a. Arrests, without a conviction, say nothing about Plaintiff's truthfulness and should not be used for impeachment.

Plaintiff has been arrested several times, but Defendants should not be allowed to impeach him based on arrests that did not result in a conviction. Under Fed. R. Evid. 608, an arrest alone is not allowed for impeachment because "[i]t happens to the innocent as well as the guilty. Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a

witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 252 (S.D.N.Y. 1997) (quoting *Michelson v. United States*, 335 U.S. 469, 482 (1948).

    **b. Plaintiff should not be impeached using his lone felony conviction because he was released more than 10 years ago and the conviction has little probative value.**

Plaintiff was convicted on drug charges in 2003 and was released in 2007. Ex. D. Thus, under Fed. R. Evid. 609(b), evidence of this conviction is admissibly only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect."[1] Convictions more than a decade old should be "admitted very rarely and only in exceptional circumstances." Fed. R. Evid. 609 advisory committee's note. In fact, a conviction this old may only be admitted following a hearing: "[W]hen convictions more than ten years old are sought to be introduced into evidence pursuant to Rule 609(b) the district judge should make an on-the-record determination supported by specific facts and circumstances that the probative value of the evidence substantially outweighs its prejudicial effect." *United States v. Mahler*, 579 F.2d 730, 736 (2d Cir. 1978).

The Defendants cannot meet this high burden. The prior conviction bears no resemblance, whatsoever, to Plaintiff's arrest here. And the potential prejudice cannot be understated. It is already difficult for lay jury to maintain focus on the objective facts the officer knew at the time – the true inquiry here – and the prior conviction would immediately distract them, devolving the inquiry into an impermissible debate over whether Plaintiff is a good person or law breaker. This conviction should be excluded from this trial entirely.

---

[1] Fed. R. Evid. 609(b) also requires advance notice by the Defendants, which they have not provided.

4

### c. Plaintiff should not be impeached with misdemeanors.

Plaintiff pled guilty to possessing marijuana in 2013, which resulted in a fine, and he was fined in New Jersey for driving with a suspended license and a minor drug offense, both of which also resulted in fines. There is no evidence that any of these minor crimes were punishable by imprisonment for more than one year, so they should be excluded under Fed. R. Evid. 609(a)(1). *See United States v. Nichols*, 808 F.2d 660, 664 (8th Cir. 1987) (finding that "impeachment is proper only if the conviction permits imprisonment greater than one year").

### d. Defendants should not be allowed to invoke Plaintiff's prior convictions and arrests by speculating that the handcuffing injuries were caused by some other time Plaintiff was handcuffed.

At various times throughout this case, Defendants' counsel has claimed that Plaintiff's carpel tunnel must have been caused by one of Plaintiff's other arrests, or his time in prison. This argument should be excluded as irrelevant speculation by counsel, unethical in any trial, because it cannot be supported by any of the admissible evidence. Defendants' expert never opined that any other time Plaintiff was handcuffed caused his carpel tunnel, and Plaintiff certainly never claims his injuries were caused by some earlier time in handcuffs.

From the outset of trial, counsel cannot "state or allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence." New York Rule of Professional Conduct 3.4; *United States v. Dinitz*, 424 U.S. 600, 612 (1976) ("To make statements which will not or cannot be supported by proof is, if it relates to significant elements of the case, professional misconduct."). And this rule applies equally in closing arguments. *See Whittenburg v. Werner Enterprises Inc.*, 561 F.3d 1122, 1128–29 (10th Cir. 2009) ("Counsel's argument accordingly violated the cardinal rule of closing argument: that counsel must confine comments to evidence in the record and to reasonable inferences from that evidence.").

Here, Plaintiff claims that excessively tight handcuffs injured his wrists, leading ultimately to carpel tunnel in both hands, and surgery. In fact, the handcuffs were so tight they ripped the skin on Plaintiff's wrists, as shown in the photographs he took the same day. Ex. A. It is self-evident that ordinary handcuffing does not cause this injury, and there is no expert opinion otherwise.

Thus, any argument by Defendants that Plaintiff's injuries were caused by some other time he was handcuffed should be excluded at the outset. This argument is merely an improper attempt to allude to excluded and prejudicial evidence through improper argument.

### III. PLAINTIFF'S PRIOR DRUG USE AND MENTAL HEALTH TREATMENT SHOULD BE EXCLUDED.

　a. Drug Use

Plaintiff has struggled with drug use in the past, but he was sober the morning he was arrested, and not one of the Individual Defendants claims otherwise. In fact, the arresting officer testified that Plaintiff was quite calm:

> Q: And who was the one that placed the handcuffs on him?
>
> A: I believe I did.
>
> Q: And when you did so did Mr. Lugo resist having handcuffs placed on him?
>
> A: No.
>
> Q: Did he say anything as you were doing so?
>
> A: Why he is being under arrest.
>
> Q: He asked why he was being arrested?
>
> A: Yeah.
>
> Q: But he didn't resist, and did he use any other force against you?
>
> A: No.

> Q: Did you feel physically threatened in any way from him at this point?
>
> A: No.

Ex. D at 29-30 (Defendant Detective John Ramos Transcript).

Thus, any evidence of any past drug use by Plaintiff is irrelevant, even for impeachment, because even if drug use is evidence of untruthfulness under Fed. R. Evid. 608 (which is hardly certain) its prejudicial effect substantially outweighs this negligible probative value. "[A] significant risk of prejudice accompanies the introduction of evidence related to or the discussion of" a civil rights plaintiff's drug use. *Nibbs v. Goulart*, 822 F. Supp. 2d 339, 346 (S.D.N.Y. 2011); *see also In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016 WL 4410008, at *6 (S.D.N.Y. Aug. 18, 2016) (finding evidence of drug use to be highly prejudicial); *Gordy Co. v. Mary Jane Girls, Inc.*, No. 86-CV-6814 (RWS), 1989 WL 28477, at *6 (S.D.N.Y. Mar. 24, 1989) (excluding evidence of Rick James' drug use, because drug use is highly prejudicial and "should usually be excluded in a non-narcotics trial" quoting *United States v. Ong*, 541 F.2d 331, 339–40 (2d Cir. 1976)).

Allowing questioning about Plaintiff's past drug use could distort the jury's view, and encourage them to speculate outside the record, which would deny Plaintiff a fair trial. It should be excluded.

### b. Mental Health Treatment.

Similarly, evidence of Plaintiff's past mental health treatment should be excluded as it is highly prejudicial and irrelevant, given that the arresting officer described Plaintiff as confused, not a danger to himself or others. *Compare* Ex. D at 36-36 (testifying that Plaintiff did not seem to understand why he was being arrested) *with* N.Y. Mental Hyg. Law § 9.41 (allowing an arrest only when facts show "serious harm to the person or others"). In fact, when a plaintiff only

alleges garden variety emotional distress, these records are not even discoverable. *See Manessis v. New York City Dep't of Transp.*, No. 02-CV-359 (SAS) (DF), 2002 WL 31115032, at *2 (S.D.N.Y. Sept. 24, 2002) (collecting cases).

Plaintiff suffered from depression prior to his arrest, which is irrelevant, given there is no way the Individual Officers could have known about it at the time he was arrested. And mental health issues have a stigma, so admitting this evidence could be prejudicial. It should be excluded.

## IV. ADMITTING PLAINTIFF'S ENTIRE MEDICAL HISTORY INTO EVIDENCE WILL CONFUSE THE JURY AND UNFAIRLY PREJUDICE PLAINTIFF.

Defendants seek to have Plaintiff's entire available medical history into evidence, including irrelevant and embarrassing details, such as rectal bleeding and gastritis. Worse, there is no witness available to help the jury understand these records. None of the doctors from this treatment are on the witness list, and Defendants' own medical expert never opines on any of these other conditions.

As several courts have held, under Fed. R. Evid. 403, "admit[ting] a stack of medical records in a vacuum without further explanation from a medical provider or witness" can confuse a jury. *Gallagher v. Crete Carrier Corp.*, No. 07-CV-332, 2009 WL 2925441, at *11 (D. Conn. Sept. 10, 2009); *see also United States v. Rolle*, 631 F. App'x 17, 21 (2d Cir. 2015) (affirming exclusion of medical records that were "more confusing than probative without a witness testifying to explain their significance"); *White v. McDermott*, No. 3:08-CV-634, 2010 WL 4876025, at *2 (D. Conn. Nov. 19, 2010) (finding medical records "prejudicial and confusing without expert guidance").

The only medical issue in this case is whether Plaintiff's wrists were injured during his arrest, and whether those injures caused Plaintiff's carpel tunnel, which later required surgery.

These records are Plaintiff's Exhibit 14 (Kazmouz Medical Center), Plaintiff's Exhibit 15 (Dr. Syed Jaffri), and the portions of Plaintiff's Exhibit 18 (Jacobi Medical Center) that concern the treatment of Plaintiff's wrists.[2] The rest of Plaintiff's medical history is irrelevant. Admitting these records wholesale would merely confuse the jury and tempt them to improperly speculate as to alternate causes of Plaintiff's injuries, without any expert to guide them. The only records that should be admitted are the records showing treatment of Plaintiff's injuries.

In the alternative, if this Court does allow medical records to be admitted from other hospitals, these records should be redacted to remove any reference to Plaintiff's other arrests, Plaintiff's drug use, and Plaintiff's psychiatric history.[3] In particular, any records from Plaintiff's time at Riker's Island, based on charges he was not convicted of, should be carefully redacted. As explained in Sections I. and II. above, this evidence is unfairly prejudicial, particularly in a case where the Individual Officers' conduct should be judged based on what they knew at the time of the arrest, not what defense counsel discovered in medical records years later.

V.  **DEFENDANTS SHOULD NOT BE ALLOWED TO FALSELY IMPLY THAT THE INDIVIDUAL OFFICERS WILL PAY A JUDGMENT THEMSELVES.**

Defendants should be precluded under Fed. R. Evid. 403 from suggesting or implying that the individual officer Defendants will have to pay any judgment in this case. It is the City of New York's uniform and unwavering practice to indemnify damages awards for law enforcement personnel represented by the New York City Law Department. In interrogatory

---

[2] The parties have requested records from Jacobi Medical Center several times, and on review it appears Plaintiff's Exhibits 11, 12, and 13 are in fact duplicates of records contained in Exhibit 18. Plaintiff is providing an Exhibit with the relevant portions of Plaintiff's 18 to Defendants and submit that this subset is the only portion of the Jacobi Medical Center records that should be admitted in evidence.

[3] Specifically, Plaintiff is referring to Defendants' Exhibits A, B, and F, as well as any Jacobi Medical Center records that are unrelated to Plaintiff's wrist injury.

responses in *Gyasi v. City of New York*, No. 05-CV-9453 (SAS) (S.D.N.Y.), the City swore that "there are no cases" in which the Law Department "has represented a NYPD police officer and punitive damages have been assessed against the officer, and the City of New York has failed to indemnify the officer for punitive damages." Ex. F, Interrogatory Response No. 5; *see also* Interrogatory No. 7 ("there are no cases" where the City has failed to indemnify a police officer represented by the Law Department for compensatory damages). In every case where compensatory or punitive damages have been awarded against a City police officer, the City, not the officer, paid.

Given that the City always pays, including punitive damages, any evidence of the officers' own finances is irrelevant at best, and affirmatively misleading at worst. As Judge Scheindlin held in Gyasi:

> I am not going to mislead [the jury], thinking that [a punitive damages award] comes out of the poor officer's pocket and have the poor officer say, I have a wife and three kids and a mortgage, I can barely afford the payments, and I earn only 38,000, whatever. I am not going to have all that. If in fact the reality is that in the last 100 punitive damages awards the city has always indemnified, I am not going to have that testimony at all about his wife, kids and poor salary, because it's all irrelevant.

Ex. G (Transcript of June 29, 2006 proceedings in Gyasi) at 6.

Moreover, the City of New York is liable for damages under respondeat superior, because the Individual Officers were undoubtably acting within the scope of their employment.[4]

And even if the evidence were somehow minimally relevant, this relevance would be substantially outweighed by the danger of affirmatively misleading the jury under Fed. R. Evid. 403. Defendants "should not be allowed to plead poverty if his employer or an insurance

---

[4] In the event the City of New York claims the Individual Officers were not acting within the scope of their employment, there is a conflict of interest that should be addressed immediately. *See Dunton v. Suffolk Cty., State of N.Y.*, 729 F.2d 903, 907 (2d Cir.), amended, 748 F.2d 69 (2d Cir. 1984)

10

company is going to pick up the tab." *Kemezy v. Peters*, 79 F.3d 33, 37 (7th Cir. 1996); *see also Mathie v. Fries*, 121 F.3d 808, 816 (2d Cir. 1997) ("It would be entirely inappropriate for a defendant to raise the issue of his limited financial resources if there existed an indemnity agreement placing the burden of paying the award on someone else's shoulders."). Accordingly, the jury should not be influenced by misplaced sympathy or the mistaken belief that the Individual Officers will pay any damages out of their own pockets.

## CONCLUSION

The evidence and lines of questioning described above should be excluded, *in limine*, from the trial in this action.

Dated: New York, New York
June 19, 2018

RICKNER PLLC

By:        /s/

Rob Rickner

233 Broadway Suite 2220
New York, New York 10279
Phone: (212) 300-6506

THE LAW OFFICE OF
CHRISTOPHER H. FITZGERALD

By:        /s/

Christopher H. Fitzgerald, Esq.

233 Broadway Suite 2348
New York, New York 10279
Phone: (212) 226-2275

*Attorneys for Plaintiff*

11